McGowan vs. Jones, et. al.

*In Equity—Petition for a rehearing.*

Although the practice in Georgia is to associate a special Jury with the Judge of the Superior Court, in the determination of chancery causes, there is no *law* which imposes the necessity of such association.

*It seems,* that the will of a *femme covert* will have no efficacy, unless there be an agreement before marriage giving her the power to make such will, or such right has been conferred on her after marriage, by some act analogous to an agreement before marriage—the mere *parol* assent of the husband, is not sufficient to give such a will validity.

## By CHARLTON, Judge.

THIS is a petition for a rehearing of this cause, decided by verdict of a special Jury, at the last term of this Court, held in the county of *Liberty.*

The defendants believe themselves aggrieved by the verdict, because, it is contended, that, the complainants could derive, as devisees, no title under the will of the *femme covert* Mrs. *Way,* tho' such will was made with the *parol* consent of her husband ; because the words of the will created an express *estate tail,* in the husband, and the bequest being of personal estate, thereby vested the interest absolutely in him ; and because, the limitation over in favor of complainant, is too remote, that being dependent upon an indefinite failure of issue. The defendants conceive themselves aggrieved by the verdict, on another ground—that it was rendered in opposition to the charge of the Court, on the legal validity of the *femme covert's* will, made under the *parol* assent of the husband, and not subsequently ratified by any act, equivalent to an agreement before marriage, that the wife should by will, possess a disposing power over any portion of the husband's property, I have had occasion before to decide, that the laws of this State are silent on the necessity of a special, or other Jury,

in the determination of Chancery causes.* The association of a
Jury with the Court, in such cases, is merely sanctified by the
practice, which has long obtained in this, and I presume the other
districts of this State, under the impression perhaps, that it was a
positive or implied Legislative requisition, or perhaps, the gene-
ral cherished predilection for the trial by Jury, in causes of every
description. *Communis error facit jus*, as a maxim bearing
upon this subject, I shall not be the first Judge to subvert; and
until the pleasure of the Legislature is expressed, I shall permit,
as heretofore, the co-operation of a special Jury, as required by a
rule of this Court, in the trial of equity cases. But, bound by no
law, I shall always approach the decree of a special Jury, in an
equity cause, with much less reverence, than when exercising the
functions legitimately delegated to them. I shall respect their
decision upon facts, but if a special Jury, unfolding its own code
of equity, extracts from it, and applies doctrines, subversive of the
best established, and, I may add, the most consecrated principles
of a chancery jurisdiction, I must be suffered to put up the legal
landmarks, which their discretionary judicial legislation has re-
moved. In the present case, I was not at all satisfied, that this
will, though it had passed through the ordeal of an ordinary pro-
bate, had been made under those circumstances of *assent*, which
impressed upon it the character of validity.

The proposition that a wife could make a will, was not, and
could not be controverted. That power, may be conferred on
her by the agreement, and compact of her intended husband, and
after marriage, by some act of equivalent solemnity. My doubt
at the trial, (and which I communicated to the Jury,) was, that on
a review of the authorities, it seemed, that a *parol* assent, uncon-
firmed by any act, analogous to the agreement before marriage,
was not sufficient to give validity to the will. The argument with

---

* See note to *Bolton* vs. *Flournoy*, et. al., p. 138 supra. *Pool* vs. *Barnet* Dudley's (Geo.)
Rep. 8.—(*Ed.*)

PART I.—Y.

[McGowan vs. Jones, et. al.]

which I have been favored, on this petition, has not contributed very materially to shake the opinion I then expressed to the Jury, and the influence it still possesses over my mind, must justify an order for the rehearing of this very important, and highly interesting case. It ought not to be expected that I should now advert to authorities, and pronounce any definite opinion upon any point, raised in this cause, or stated in the petition; for if I did so, the special Jury at the ensuing term, would be converted into a sort of *lit de justice* to enregister my decree, and setting down the cause for hearing, would also be a mere *pro forma* arrangement. I have then only generally to say, that sufficient grounds are stated in the petition of the defendants to grant its prayer.

And it is *ordered*, that this cause be reheard, at the next Superior Court to be held in the county of *Liberty*, on the verdict and decree rendered by the special Jury.

WAYNE, BERRIEN & LAW, for petition—HABERSHAM, against it.